IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CATALFAMO, | CASE NO. CV F 08-1117 LJO TAG |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 10) |
| vs. | |
| COUNTRYWIDE HOME LOAN, AMERICA'S WHOLESALE LENDER, and ALL AFFILIATE AGENTS, | |
| Defendants. / | |

**INTRODUCTION**

Defendant Countrywide Home Loan, Inc. ("Countrywide") moves to dismiss, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), pro se plaintiff Peter Catalamo's ("Mr. Catalfamo's") claims based on: (1) Real Estate Settlement Procedures Act, 12 U.S.C. §2605 ("RESPA"); (2) Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"), and (3) breach of contract. Countrywide also moves to strike Mr. Catalfamo's claims for punitive damages and injunctive relief. For the following reasons, this Court GRANTS in part and DENIES in part Countrywide's unopposed motion to dismiss.[1]

///
///

---

[1] As Mr. Catalfamo failed to oppose this motion, he was not entitled to be heard in opposition at oral argument. Accordingly, on August 29, 2008, the Court vacated the motion hearing pursuant to L.R. 78-230(c) and (h). Doc. 9.

1

# BACKGROUND[2]

On March 19, 2007, Mr. Catalfamo borrowed approximately $180,000 from America's Wholesale Lender. The loan was secured by a mortgage on Mr. Catalfamo's home at 7340 Walpole Ave., California City, CA. Countrywide subsequently became the owner of the mortgage and deemed Mr. Catalfamo's account to be in default. Mr. Catalfamo claims that the payments he made were not credited properly to his account, despite a "long-standing dispute" over this issue.

Countrywide initiated foreclosure proceedings against Mr. Catalfamo on May 14, 2007. During the foreclosure proceedings, Mr. Catalfamo sought to obtain from Countrywide the amount of the balance owed and attempted to cure any default found to exist. Countrywide refused to give Mr. Catalfmo the requested information.

Mr. Catalfamo called Countrywide on July 1, 2007 in an effort to resolve the dispute. In that telephone conversation, Mr. Catalfamo alleges that the parties entered into a verbal agreement. According to Mr. Catalfamo, the July 1, 2007 verbal agreement including the following terms: (1) The parties agreed to renegotiate the original loan agreement; (2) The parties would have 30 days before entering into the agreement to resolve any disputes concerning the original balance owed; (3) Countrywide acknowledged that Mr. Catalfamo was not in default on the loan; and (4) the parties agreed to adjust the terms of the loan, so that the balance due, including all accrued interest, charges and fees, was $180,000 as of July 10, 2007. Mr. Catalfamo attempted to make payments, but Countrywide refused to apply those payments to his account and continued the foreclosure proceedings.

Mr. Catalfamo claims that Countrywide violated RESPA, FDCPA, the original loan and the July 1, 2007 verbal agreement by, *inter alia*, failing to provide Mr. Catalfamo with the information he requested, failing to credit his account, and collecting (and attempting to collect) unauthorized interest, fees and other expenses. Mr Catalfamo initiated this action against Countrywide on March 17, 2008. Countrywide removed the action to this Court on July 31, 2008, and moved to dismiss Mr. Catalfamo's complaint the next day.

---

[2] On a motion to dismiss, the Court considers as true the factual allegations in the complaint. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Accordingly, the facts derive from Mr. Catalfamo's complaint.

## DISCUSSION

### Rule 12(b)(6) Motion To Dismiss Standards

A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

With these standards in mind, this Court turns to Countrywide's arguments.

### RESPA

RESPA creates a duty upon a loan "servicer"[3] to respond to borrower inquiries. *See* 12 U.S.C. § 2605(e). Specifically, RESPA provides that:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A). A "qualified written request" ("QWR") is defined as a:

> written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that . . . includes a statement of reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). RESPA requires that upon the receipt of a QWR, the servicer must either

---

[3] The term "servicer" means the "person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2).

1  correct the borrower's account or, after conducting an investigation, provide the borrower with a written
2  explanation to explain why the servicer believes the account is correct. 12 U.S.C. § 2605(e)(2). RESPA
3  provides that during the 60-day period beginning on the date of the servicer's receipt of a QWR, "a
4  servicer may not provide information regarding overdue payment, owed by such borrower and relating
5  to such period or qualified request, to any consumer reporting agency." 12 U.S.C. § 2605(e)(3).

6        Mr. Catalfamo alleges that he sent Countrywide a QWR on June 15, 2008. Mr. Catalfamo
7  contends that Countrywide: (1) failed to provide a written response acknowledging receipt of his QWR;
8  (2) failed to make appropriate corrections to Mr. Catalfamo's account in response to the QWR; (3) failed
9  to provide Mr. Catalfamo with the information and documentation requested; (4) refused to cease its
10 collection efforts and foreclosure proceedings after receiving the QWR; and (5) provided information
11 to consumer reporting agencies regarding overdue payments allegedly owed by Mr. Catalfamo that were
12 related to the QWR.

13       Countrywide attacks Mr. Catalfamo's RESPA claim by disputing Mr. Catalfamo's allegations
14 and drawing inferences against him. Countrywide asserts that Mr. Catalfamo's RESPA claim fails
15 because he neglected to attach a copy of the QWR to the complaint. Countrywide argues that Mr.
16 Catalfamo's allegations are insufficient, because although Mr. Catalfamo alleged that he sent a QWR
17 to Countrywide, he failed to allege that: (1) Countrywide *received* it, (2) the QWR was sent in
18 accordance with the procedural requirements of RESPA, (3) the QWR enabled Countrywide to identify
19 Mr. Catalfamo or his account, or (4) the QWR was sent to the proper mailing address via first class mail.
20 "Instead," Countrywide argues, Mr. Catalfamo "merely assumes that a QWR was received, analyzed,
21 and ignored."

22       Countrywide's arguments "misapprehend[] the function of pleadings in federal practice." *Alvarez*
23 *v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008). Mr. Catalfamo's complaint need only contain a "short and
24 plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "No
25 technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). The Federal Rules of Civil
26 Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. *See Bell*
27 *Atl. Corp. v. Twombly* 127 S.Ct. 1955, 1964 (2007). To the contrary, the Federal Rules of Civil
28 Procedure require simply that the plaintiff "give the defendant fair notice of what the [plaintiff's] claim

is and the grounds on which it rests." *Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).  The "simplified notice pleading standard [of Fed. R. Civ. P. 8] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  Thus, this Court finds unavailing Countrywide's argument that Mr. Catalfamo's failure to attach the QWR to the complaint is fatal.  Similarly, Countrywide's adverse inferences against Mr. Catalfamo are misplaced.  This Court must construe Mr. Catalfamo's allegations in a light most favorable to him. *Cahill*, 80 F.3d at 337, particularly when the plaintiff is pro se.  *Klingele v. Eikenberg*, 849 F.2d 409, 413 (9th Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Accordingly, Countrywide's motion to dismiss Mr. Catalfamo's RESPA claim is denied on these grounds.

## FDCPA

Countrywide continues, in the absence of federal authority, to draw inferences against Mr. Catalfamo, dispute the complaint's factual allegations, and hold Mr. Catalfamo to a heightened pleading standard.  Countrywide argues that Mr. Catalfamo's FDCPA claim fails, because although Mr. Catalfamo alleges that Countrywide attempted to collect "interest and other charges, fees, and expenses not authorized by the original Loan and Verbal Agreement," Mr. Catalfamo fails to identify these charges. Countrywide contends that although Mr. Catalfamo alleges a long-standing dispute regarding whether payment he made were properly credited to his account, that fact "does not mean that Countrywide's representations were untrue or misleading."  Countrywide repeatedly argues that Mr. Catalfamo's complaint fails because it is based on "inaccurate facts."  For example, Countrywide argues that Mr. Catalfamo's allegation that Countrywide had no right to possession of the disputed property is refuted by the deed of trust ("DOT").  According to Countrywide, the DOT provides that Mr. Catalfamo's failure to make timely payments may result in the sale of the property.  However, Mr. Catalfamo alleges that Countrywide foreclosed on his home despite his efforts to make timely payments.  Accordingly, Countrywide's argument is inapposite.  For the reasons discussed in the preceding paragraph, this Court denies Countrywide's motion against Mr. Catalfamo's FDCPA claim on these grounds.

**Breach of Contract**[4]

Mr. Catalfamo's breach of contract claim is based in part on a verbal agreement made between Mr. Catalfamo and an agent of Countrywide on July 1, 2007 over the telephone. Countrywide argues that California's statute of frauds bars Mr. Catalfamo's reliance on the July 1, 2007 verbal agreement. Where the statute of frauds is involved, federal courts look to the law of the forum state, and, if by such law the statute of frauds is procedural and remedial, the law of the forum controls. *Levi v. Murrell*, 63 F.2d 670, *cert. denied,* 290 U.S. 638 (1933). California's statute of frauds is a procedural requirement. *Id.* Accordingly, California law applies.

Mr. Catalfamo may not rely on the July 1, 2007 verbal agreement. The verbal agreement is within the statute of frauds, as defined by Cal. Civ. Code §1624(a)(4), which states: "An agreement for the sale of real property, or of an interest therein...is invalid unless [it], or some note or memorandum thereof, are in writing and subscribed by the party to be charged." Additionally, an oral agreement to make a contract which must be in writing is itself within statute of frauds. *Byrne v. Laura*, 52 Cal.App.4th 1054 (1997). Thus, the statute of frauds bars Mr. Catalfamo's reliance on the agreement even if the July 1, 2007 verbal agreement was an agreement to enter into a contract. An agreement to enter into, or reduce to writing and execute, an agreement within the statute of frauds is itself within the statute, and neither promise is enforceable unless the statute of frauds is satisfied. *Little v. Union Oil Co. of Cal.*, 73 Cal.App. 612 (1925). Similarly, the original mortgage may not be modified by a verbal agreement. *Boyd v. Big Three Ranch Co.*, 22 Cal.App. 108 (1913) (while written contracts, which would be lawful if unwritten, may be modified by parol, a contract required by law to be in writing cannot be modified by parol). Mr. Catalfamo fails to satisfy the statute of frauds and pleads no exception to this rule. Accordingly, Countrywide's motion to dismiss Mr. Catalfamo's breach of contract claim based on the July 1, 2007 verbal agreement is granted with leave to amend.[5]

---

[4] Countrywide erroneously argues that Mr. Catalfamo's breach of contract claim fails as a matter of law because Mr. Catalfamo did not provide the terms of the alleged contract, did not specify whether the contract was written, oral or implied, and failed to attach the contract to the complaint. For the reasons discussed *supra*, this Court rejects those arguments.

[5] The statue of frauds bars Mr. Catalfamo's reliance on the terms of the July 1, 2007 verbal agreement to form the basis of any cause of action.

**Punitive Damages**

Countrywide moves to dismiss Mr. Catalfamo's punitive damages prayer for relief. Although raised as a Rule 12(b)(6) motion, this Court construes Countrywide's request as a motion to strike, pursuant to Rule 12(f). Rule 12(f) allows a court to strike from a pleading any "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "If there is any doubt as to whether the allegations might be an issue in the action, courts will deny the motion [to strike]." *In re 2TheMart.com. Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. *Tapley v. Lockwood Green Eng'r. Inc.*, 502 F.2d 559, 560 (8th Cir. 1974).

Mr. Catalfamo may not recover punitive damages for his RESPA, FDCPA, and breach of contract claims. RESPA and FDCPA provide for compensatory relief, reasonable attorneys' fees, and additional damages as the Court may allow, not to exceed $1000. 12 U.S.C. §2605(f); 15 U.S.C. §1692k. While the Court may award attorneys' fees if the Court ultimately finds that Countrywide acted in bad faith and for the purpose of harassment, 15 U.S.C. §1692k, the statutes do not allow Mr. Catalfamo to recover punitive damages. *Id*. Punitive damages are equally unavailable for Mr. Catalfamo's breach of contract claim. *Miller v. Fairchild Industries, Inc.*, 885 F.2d 498, 510 (9th Cir. 1989) ("California law does not permit punitive damages for breach of contract."); Cal. Civ. Code §3294(a) (exemplary damages permitted in an action "not arising from contract"). As punitive damages are not recoverable as a matter of law, the Court strikes properly this prayer for relief.

**Injunctive Relief re: Foreclosure Sale[6]**

In his prayer for relief, Mr. Catalfamo requests that this Court "stop or overturn a foreclosure sale and enjoin Trustee or agents of Countrywide Home Loan from evicting Plaintiff from his property." Complaint, 21:2-4, Prayer for Relief, J. Mr. Catalfamo alleges that Countrywide initiated foreclosure proceedings against him on May 21, 2007 and sent him a foreclosure notice on October 10, 2007.

---

[6]The Court applies the Rule 12(f) standards to this motion, as discussed more fully above.

Countrywide argues that Mr. Catalfamo may not challenge a foreclosure sale unless he first alleges tender of the secured obligation. Generally, under California law, a borrower must allege tender of the outstanding obligation before this Court may set aside a foreclosure sale. *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101 (1996); *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575 (1984). Here, Mr. Catalfamo does not allege that he tendered, nor does he offer to tender, the owed obligation. Accordingly, this Court strikes Mr. Catalfamo's injunctive request "to stop or overturn a foreclosure sale" with leave to amend.

## CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. DENIES Countrywide's motion to dismiss Mr. Catalfamo's RESPA and FDCPA claims (counts 2 and 3);
2. DENIES in part Countrywide's motion to dismiss Mr. Catalfamo's breach of contract claim (count 1);
3. GRANTS in part Countrywide's motion to dismiss Mr. Catalfamo's breach of contract claim to the extent Mr. Catalfamo relies on the July 1, 2007 verbal agreement, with leave to amend;
4. STRIKES Mr. Catalfamo's punitive damages prayer for relief (Complaint, Prayer for Relief E, p. 20, lines 8-9);
5. STRIKES Mr. Catalfamo's prayer for relief regarding the foreclosure sale (Complaint, Prayer for Relief J, p. 21, lines 2-5), with leave to amend;
6. ORDERS Mr. Catalfamo to file and serve an amended complaint no later than September 19, 2008.

IT IS SO ORDERED.

**Dated:   September 3, 2008**             /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE